THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* FERNÁNDEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama.

No. 612.—Decided November 10, 1913.

NOTARIES—INSPECTION OF NOTARIAL PROTOCOLS BY INTERNAL REVENUE AGENT.—
The office of a notary·public not falling within the classification of buildings made in section 24 of the Internal Revenue Law of March 9, 1905, an internal revenue agent has no right thereunder to enter said office against the wish of the notary to inspect the notarial protocols in order to ascertain whether the internal revenue stamps required by law have been attached. Section 381 of the Political Code is not applicable to the case at bar, for it refers to cases of taxes on inheritances.

CONSTITUTIONAL RIGHT—UNWARRANTED SEIZURE AND SEARCH—INSPECTION OF NOTARIAL PROTOCOLS BY INTERNAL REVENUE AGENT.—The mere fact that the government may be deprived of its revenue does not justify the inspection of a notarial office by an internal revenue agent without authority of law. The guaranties afforded by Amendments 4 and 5 of the Constitution of the United States against unwarranted searches and seizures are closely allied to the privilege of a person of not being compelled to give testimony against himself in a criminal action and are more important considerations.

The facts are stated in the opinion.
*Mr. Herminio Díaz* for appellant.
*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE WOLF delivered the opinion of the court.
The complaint in this case charges a violation under section 24 of the Internal Revenue Act in that Benigno Fer-

nández y García, a notary public of Cayey, prevented the agent of internal revenue, G. W. Hartley, from inspecting the documents subject to tax (*impuesto*) which the said defendant had in his notarial office in Cayey, in this way knowingly obstructing by force such agent in the execution of the power and authority conferred on him by law, and knowing that G. W. Hartley was an internal revenue agent and that he was acting in the performance of his official duty.

The defendant in the court below filed a demurrer to the information on the ground that section 24 of the Internal Revenue Law did not authorize revenue agents to inspect notarial protocols.

Section 24 of the law of 1905 (Acts of 1905, p. 173) is as follows:

"Section 24.—Any internal revenue agent may, at any time, enter any building, or place, in any part of which any articles, or objects, subject to taxation by this act are made, produced or kept (except for private consumption) in virtue of a license duly granted by the Treasurer of Porto Rico; but no other building used as a residence shall be subject to such entry and search, except in accordance with the provisions of sections 123 to 130 inclusive of the Code of Criminal Procedure. And if any person shall forcibly obstruct or hinder any internal revenue agent in the execution of any power and authority vested in him by law or shall forcibly recover or cause to be recovered any property, articles or objects after the same shall have been seized by said agent, or shall attempt or endeavor to do so, the person so offending for every such offense shall be fined not less than two hundred dollars and not more than one thousand dollars, or be imprisoned for a term not exceeding two years, at the discretion of the court."

Thus it will be seen that this section provides for the entry of an internal revenue agent in buildings where objects subject to taxation are made, produced or kept by virtue of a license from the Treasurer. The notary's office does not fall within the class described nor does his right to practice his profession or to keep or issue notarial papers emanate from any license of the Treasurer. If a notary has failed to attach the necessary revenue stamps to his protocol, the

proper machinery of the law must be invoked or the Legislature must be asked for relief. It is not enough to urge that otherwise the Government may be deprived of its revenue. The liberty of a citizen and his right to due process are more important considerations.

The right of a citizen to be protected from unwarranted seizures and searches is guaranteed by the Fourth and Fifth Amendments to the Constitution of the United States. These rights and the privileges of a person of not being compelled to give testimony against himself as the basis of a criminal proceeding are closely allied. The rigor of these rules and the relaxations to which they are subject are shown in the following cases, *Boyd* v. *United States,* 16 U. S., 116; *Hale* v. *Henkel,* 201 U. S., 43; *Brown* v. *Walker,* 161 U. S., 594.

The *fiscal* urges that section 24 may be considered in connection with section 381 of the Political Code. This latter section is as follows:

"Section 381.—The records and archives of courts, registrars of property, notaries public, and of municipal or other local governments. shall at all times be open and accessible to assessors, inspectors and other public officials engaged in the performance of their official duties. under the provisions of this title."

The title refers to taxes on inheritances and has no application to a penal proceeding nor to the tax on a notarial protocol.

The judgment must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.